IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| CORNELL VINCENT | : | |
| | : | |
| v. | : | Civil No. CCB-10-975 |
| | : | Criminal No. CCB-05-371 |
| UNITED STATES OF AMERICA | : | |

**MEMORANDUM**

Now pending is a petition to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed by federal prison inmate Cornell Vincent. On August 9, 2005, Mr. Vincent was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On May 15, 2007, following a two-day jury trial, Mr. Vincent was convicted of this offense. The court subsequently sentenced Mr. Vincent to a term of incarceration of 120 months, followed by three years of supervised release. Mr. Vincent appealed, and the Fourth Circuit affirmed his conviction and sentence. *United States v. Vincent*, 316 F. App'x 275 (4th Cir. 2009).

Mr. Vincent now challenges his sentence under 28 U.S.C. § 2255. He contends that he is entitled to relief for four reasons: 1) he was denied a fair trial and due process because the government failed to disclose documents that could impeach a government witness; 2) the government failed to prove the elements of the offense beyond a reasonable doubt; 3) the court erred in imposing a four-level sentencing guidelines enhancement for possessing the firearm while committing "another felony offense"; and 4) the court did not have jurisdiction to impose a term of supervised release following the maximum term of imprisonment. (ECF No. 71.) Mr.

Vincent reiterated these arguments in his reply (ECF No. 86) to the government's opposition, and also requested appointment of counsel and an evidentiary hearing pursuant to 18 U.S.C. § 3006A and Rule 8. Most recently he filed a motion for release pending resolution of this motion under § 2255. (ECF No. 87.) For the reasons set forth below, the petition and the request for appointment of counsel and an evidentiary hearing will be denied, as will the motion for release.

## Background & Discussion

Mr. Vincent argues that his trial was unfair because the government failed to disclose documents that could impeach a government witness. (Pet., ECF No. 71, p. 5.) Mr. Vincent contends that the government should have provided him with his arresting officer's IAD files, which would have allowed him to challenge the officer's credibility. (*Id.*) Mr. Vincent did not raise this disclosure argument on direct appeal; therefore, he must demonstrate either cause and prejudice or actual innocence to excuse his procedural default. "In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999). The existence of cause "must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *Id.* at 493. In order to establish a miscarriage of justice, a movant "must show actual innocence by clear and convincing evidence." *Id.*

Mr. Vincent attempts to show cause by asserting that his attorneys failed to raise the disclosure argument despite his request that they do so. (ECF No. 71 at p. 5, 11.) Assuming that this argument constitutes an ineffective assistance of counsel claim, and thus theoretically could

2

establish cause, it fails on the facts of this case. "To establish cause for their default based upon ineffective assistance of counsel, Appellees must show that their attorneys' performance fell below an objective standard of reasonableness and that they suffered prejudice as a result." *Mikalajunas*, 186 F.3d at 493 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Specifically, Mr. Vincent must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690.  In evaluating such conduct, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To demonstrate prejudice, Mr. Vincent "must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

A review of the record shows that Mr. Vincent's appellate and trial attorneys did provide effective assistance.  On appeal, Mr. Vincent's counsel filed a brief that challenged the jury instructions at trial, the admission at trial of expert testimony and evidence that Mr. Vincent was in possession of narcotics and cash at the time of his arrest, and Mr. Vincent's term of supervised release. (*See* Vincent Appeal Brief, ECF No. 75-5.) Mr. Vincent's standby trial counsel argued for the suppression of evidence (Gov't's Resp. to Pet., ECF No. 75-1, J.A. 70-75); opposed the government's attempt to introduce 404(b) evidence (J.A. 87-91); and challenged the introduction of evidence regarding Mr. Vincent's possession of narcotics at the time of his arrest (J.A. 247). Mr. Vincent's attorneys also closely cross-examined the government's witnesses (*see, e.g.*, J.A. 28-31, 222-23, 309-14); made opening and closing arguments (J.A. 194-99, 370-86); and advocated for Mr. Vincent at sentencing (J.A. 419-21).

Mr. Vincent's attorneys were not obligated to raise the specific disclosure argument Mr. Vincent has presented. Mr. Vincent's trial counsel did question Detective Fabien Laronde at the motions hearing about any misconduct in his past; however, counsel implicitly acknowledged that he did not have a credible basis for requesting Laronde's police record. (*See* J.A. 29-31.) The decision of Mr. Vincent's trial and appellate counsel to focus on the arguments most likely to be successful appears to have been the result of reasonable professional judgment. As the Supreme Court has noted, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690.

Indeed, even if Mr. Vincent had been able to show cause, he has not adequately explained how he was prejudiced by the government's alleged failure to provide impeachment materials to him. Mr. Vincent does not identify any specific information that was withheld or explain how that information would have allowed him to impeach the government's witnesses. As noted above, Mr. Vincent's trial counsel implicitly conceded that the defense lacked the required reasonable basis to request such records. (*See* J.A. 29-30.) Upon questioning by Mr. Vincent's trial attorney about past misconduct, Detective Laronde testified that he had no sustained findings of misconduct and no reports of perjury. (J.A. 30-31, 61.) Furthermore, both Detective Laronde and Officer Samuel Hicks testified that Mr. Vincent was in possession of a firearm; thus, Mr. Vincent would have been able to rebut the government's evidence against him only in the unlikely event that he had been able to impeach *both* officers' testimony. Accordingly, the verdict in Mr. Vincent's case would almost certainly have been the same even if the government had provided Mr. Vincent with impeachment evidence.[1,2]

---

[1] For the same reasons, Mr. Vincent's argument would fail on the merits even if it were not defaulted.

[2] Because he makes no claim of actual innocence, Mr. Vincent cannot excuse his procedural default by demonstrating that a miscarriage of justice would result from the court's refusal to entertain his collateral attack. *See Mikalajunas*, 186 F.3d at 493.

Mr. Vincent also argues that the prosecution failed to prove the elements of his offense beyond a reasonable doubt. Mr. Vincent did not raise this claim on appeal, and the only cause he identifies for his failure to raise it is that his attorneys disagreed with the merits of the claim. (*See* Pet., ECF No. 71 at p. 7, 5.)  As discussed above, Mr. Vincent's counsel provided competent assistance, thus his sufficiency of the evidence claim is procedurally barred.

Mr. Vincent's sufficiency claim also fails on the merits.  In support of his argument, Mr. Vincent asserts that the firearm was never produced. (*Id.* at p. 6.) In fact, the revolver was introduced at trial as Exhibit 1. (J.A. 212-13.) Both Officer Hicks and Detective Laronde testified that Mr. Vincent was in possession of that firearm at the time of his arrest.[3] (*See* J.A. 209-15, 222-23.) Special Agent Michael Hodnett testified that the revolver met the definition of a firearm and was manufactured in Florida, and therefore traveled in interstate commerce. (J.A. 334-35, 338.) Both parties stipulated that, prior to his possessing the firearm at issue, Mr. Vincent had been convicted of a crime punishable by a year or more in prison. (J.A. 339-42.) Based on this evidence, this court rejected Mr. Vincent's motion for judgment of acquittal under Rule 29, noting that there was more than sufficient evidence, if believed by the jury, to establish the elements of the crime with which Mr. Vincent was charged.  The jury's finding that Mr. Vincent was guilty of being a felon in possession of a firearm was therefore plainly reasonable in light of the evidence.

Mr. Vincent also challenges the four-level enhancement to his guidelines range based on his commission of "another felony offense" during his illegal possession of a firearm.[4] As with

---

[3] Mr. Vincent claims that the firearm introduced at trial "is not the firearm alleged and described by [the] arresting officer." (ECF No. 71, p. 9.) Here, again, Mr. Vincent is procedurally barred from raising this issue because he did not raise it on appeal and because his counsel was competent. Moreover, absent a claim of actual innocence, a factual challenge of this nature is not an appropriate basis for habeas relief, and Mr. Vincent provides no evidence to support this assertion.

[4] Although Mr. Vincent claims a violation of the protection against double jeopardy, the facts he cites in support of his argument make clear that he is actually challenging the imposition of a guidelines enhancement.

5

his other arguments, Mr. Vincent did not raise this argument before the Fourth Circuit. (*See* Vincent Appeal Brief, ECF No. 75-5.) Mr. Vincent does not identify any cause for his failure to raise this argument; he merely states that the "[p]resent issue 'may' be synonymous to the one raised on [d]irect [a]ppeal."[5] (ECF No. 71, p. 8.) Mr. Vincent also fails to establish prejudice. As the court explained at sentencing, he would have received a 120-month sentence even if the four-level enhancement did not apply. (J.A. 425.) Thus, Mr. Vincent's challenge to the guidelines enhancement is procedurally barred.

In addition, such a challenge is not cognizable on a petition for habeas relief. "Barring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding." *United States v. Pregent*, 190 F.3d 279, 283-84 (4th Cir. 1999). "Section 2255 provides relief for cases in which 'the sentence was in excess of the maximum authorized by law.'" *Id.* at 284. In the present case, the statutory maximum penalty applicable to Mr. Vincent was a ten-year term of imprisonment, *see* 18 U.S.C. § 922(g), and Mr. Vincent received a sentence of ten years' imprisonment. Because his sentence did not exceed the statutory maximum, Mr. Vincent's challenge to the imposition of a four-level enhancement must fail.

Finally, Mr. Vincent argues that the court was without jurisdiction to impose a term of supervised release that begins upon the completion of his term of imprisonment. (ECF No. 71, p. 15.) This argument is also unavailing. Mr. Vincent raised this argument on direct appeal, and the Fourth Circuit rejected it. *Vincent*, 316 F. App'x at 278 ("We have previously held that 'supervised release is not considered to be part of the incarceration portion of a sentence and therefore is not limited by the statutory maximum term of incarceration.'") (quoting *United*

---

[5] In fact, the arguments are not synonymous. Mr. Vincent argued on direct appeal that the court abused its discretion by admitting at trial evidence of his possession of narcotics. *See* Vincent Appeal Brief, ECF No. 75-5, p. 28-35.

*States v. Pierce*, 75 F.3d 173, 178 (4th Cir. 1996.)). Accordingly, the court appropriately imposed a term of supervised release in addition to the statutory maximum term of incarceration.

A prisoner seeking a motion to vacate under § 2255 is not automatically entitled to appeal a district court's denial of the motion. 28 U.S.C. § 2253(c)(1)(B). An appeal may only be taken of a final order in a proceeding under § 2255 if "a circuit justice or judge issues a certificate of appealability." *Id.* A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the necessary showing, the petitioner "'must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Where a motion is denied on procedural grounds, a petitioner "must demonstrate both (1)'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2)'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). Mr. Vincent has not made the requisite showing for this court to issue a certificate of appealability.

In summary, Mr. Vincent has failed to show any grounds for relief under 28 U.S.C. § 2255. Accordingly, his request for appointment of counsel and for an evidentiary hearing will also be denied, as will his motion for release.

A separate Order follows.

11/14/12  
Date

/s/  
Catherine C. Blake  
United States District Judge